Roland JOHNSON, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, United States Postal Service, Defendant–Appellee.

No. 05–1231.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

Christina A. Agola, Rochester, NY, for Appellant.

Lynn S. Edelman, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

Present: Jon O. NEWMAN, José A. CABRANES and Peter W. HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Roland Johnson appeals from a February 28, 2005 Order of the District Court granting defendant's motion for summary judgment and dismissing plaintiff's suit. Plaintiff filed suit against defendant Postmaster on January 15, 2002 under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.,* alleging that he suffered retaliation on the basis of his prior assertions of his civil rights under Title VII.

The District Court correctly found that plaintiff did not state a *prima facie* case of an "adverse employment action," which is necessary to any claim of retaliation filed under Title VII. *See Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000) ("To be materially adverse a change in working conditions must be more disruptive than a mere inconvenience

or an alteration of job responsibilities.") (internal quotation marks omitted). No disputed material facts prevented a proper finding that plaintiff suffered no adverse employment action.

Substantially for the reasons stated in the careful Order of the District Court, the judgment of the District Court is **AFFIRMED.**